UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

OPTREL AG,

      Plaintiff,

v.

A.C.E. INTERNATIONAL COMPANY, INC.,
d/b/a ARCONE,

      Defendant.

Civil Action No.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Optrel AG ("Optrel"), through its attorneys, brings this action and alleges against

Defendant A.C.E. International Company, Inc., d/b/a ArcOne ("ArcOne") as follows:

### JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271 et seq.  This Court has subject matter jurisdiction under

28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has personal jurisdiction over ArcOne at least because ArcOne's

principal place of business is in this District and ArcOne is committing acts of infringement in

this District.

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

### THE PARTIES

4.      Optrel is a corporation organized and existing under the laws of Switzerland,

having a place of business at Industriestrasse 2, CH-9630 Wattwil, Switzerland.

5.     Upon information and belief, ArcOne is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business at 85 Independence Drive, Taunton, Massachusetts 02780.

## FACTUAL BACKGROUND

6.     For more than 25 years, Optrel has been a leader in auto-darkening filter ("ADF") technology for welding helmets, which, among other things, provides for fully automatic selection of the appropriate shade level based on the intensity of the welding arc.

7.     On September 9, 2005, Optrel filed a patent application directed to certain aspects of its ADF technology, and on May 22, 2012, the U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. 8,181,270 B2 (the "270 Patent"), titled "Anti-Glare Protection Device."

8.     Optrel is the owner by assignment of the 270 Patent, and has owned the 270 Patent throughout the period of ArcOne's infringing acts.

9.     A true and correct copy of the 270 Patent is attached hereto as Exhibit A and is incorporated by reference.

10.     After obtaining and analyzing an ArcOne Intelligent Darkening Filter ("iDF") welding helmet, Optrel met with ArcOne's President, Edward Martin, at the EuroBLECH tradeshow in Hannover, Germany, in October 2012 to inform ArcOne about Optrel's 270 Patent and to discuss ArcOne's infringement of the 270 Patent.

11.     Counsel for Optrel also sent ArcOne a letter dated December 6, 2012, confirming that ArcOne's iDF welding helmets, including the ArcOne Vision iDF81 welding helmet, infringe one or more claims of the 270 Patent.

12.     Despite Optrel's discussions and correspondence with ArcOne, ArcOne continues, without authorization, to sell and distribute welding helmets that are covered by one or more claims of the 270 Patent.

## FIRST CAUSE OF ACTION
### Direct Infringement of the 270 Patent Under 35 U.S.C. § 271(a)

13.     Optrel realleges and incorporates by reference the allegations set forth in paragraphs 1 through 12 above.

14.     ArcOne has directly infringed and continues to directly infringe the 270 Patent by making, using, importing, offering for sale, and selling welding helmets that embody the patented invention, including at least the ArcOne Vision iDF81 welding helmet, and will continue to do so unless enjoined by this Court.

15.     Despite ArcOne's knowledge of the 270 Patent and receipt of notice of its infringement of the 270 Patent, ArcOne has continued its infringement without a reasonable basis for doing so.

16.     ArcOne's infringement has been and continues to be willful.

17.     As a direct and proximate consequence of ArcOne's infringement of the 270 Patent, Optrel has suffered, and will continue to suffer, substantial damages in an amount not yet ascertained but to be proven at trial.

18.     As a result of ArcOne's infringement, Optrel has suffered and will continue to suffer irreparable injury, for which Optrel has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### Induced Infringement of the 270 Patent Under 35 U.S.C. § 271(b)

19.     Optrel realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20.     ArcOne distributes and sells its iDF welding helmets, including at least the ArcOne Vision iDF81 welding helmet, with instructions for using the welding helmets in a manner that infringes one or more claims of the 270 Patent.

21.     ArcOne knows that customers and end users that use ArcOne's iDF welding helmets in accordance with the instructions provided by ArcOne directly infringe one or more claims of the 270 Patent.

22.     ArcOne has actively induced and continues to actively induce infringement of the 270 Patent.

23.     ArcOne's active inducement of the 270 Patent has been and continues to be willful.

24.     As a direct and proximate consequence of ArcOne's inducement of infringement of the 270 Patent, Optrel has suffered, and will continue to suffer, substantial damages in an amount not yet ascertained but to be proven at trial.

25.     As a result of ArcOne's inducement of infringement of the 270 Patent, Optrel has suffered and will continue to suffer irreparable injury, for which Optrel has no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Optrel respectfully requests the following relief from this Court:

A.     A finding that ArcOne has infringed, directly and/or indirectly, one or more claims of the 270 Patent in violation of 35 U.S.C. §§ 271(a) and (b);

B.     An injunction pursuant to 35 U.S.C. § 283, enjoining ArcOne and its officers, agents, servants, employees, distributors, customers, attorneys and all persons in active concert or participation with them, from any further acts of infringement of the 270 Patent;

C.     A judgment against ArcOne awarding Optrel all damages proven at trial, and in no event less than a reasonable royalty, for infringement of the 270 Patent;

D.  Trebled damages for ArcOne's knowing, intentional, and willful infringement of the 270 Patent pursuant to 35 U.S.C. § 284;

E.  An award of interest on the damages awarded in this action;

F.  A declaration by the Court that this is an exceptional case and an award to Optrel of its full costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.  An award of costs incurred in this action; and

H.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Optrel hereby demands a trial by jury as to all issues triable before a jury.

PLAINTIFF OPTREL AG

/s/ Louis M. Ciavarra
Louis M. Ciavarra (BBO #546481)
BOWDITCH & DEWEY LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Phone: (508) 926-3408
Fax: (508) 929-3011
Email: lciavarra@bowditch.com

William P. Berridge
Peter T. Ewald
OLIFF & BERRIDGE, PLC
277 South Washington Street, Suite 500
Alexandria, Virginia 22314
Phone: (703) 836-6400
Fax: (703) 836-2787
Email: email@oliff.com

January 8, 2013